UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERMYKAEL JENKINS, SR.,

    Plaintiff,

v.                                      Case No.: 2:19-cv-420-FtM-38NPM

T. BASS, D. VILA, FNU MARTINEZ,
RUSSELL MORIN, FNU ROZANSKI,
FNU CHASE, FNU RIVERA, FNU
BOCK, FNU SPARKS, FNU
TURCIOS and LEE COUNTY
C.O.R.E. BLDG.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter is before the before the Court on the following motions:

1. Plaintiff Shermykael Jenkins' Motion for Temporary Restraining Order, Injunctive Relief, and Miscellaneous Relief (Doc. 8);

2. Plaintiff Shermykael Jenkins' Motion for Temporary Restraining Order, Injunctive Relief, and Issuance of a Subpoena (Doc. 17);

3. Plaintiff Shermykael Jenkins' Motion for Temporary Restraining Order, Injunctive Relief, and Restraining Order (Doc. 19);

4. Plaintiff Shermykael Jenkins' Motion for Temporary Restraining Order, Injunctive Relief, and Issuance of a Subpoena (Doc. 21);

5. Plaintiff Shermykael Jenkins' Motion for Injunctive Relief (Doc. 24);

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

6.  Plaintiff Shermykael Jenkins' Motion for Injunctive Relief (Doc. 25).

No responses have been filed to the various motions and the time to do so has expired.

## **BACKGROUND**

Plaintiff is currently an inmate housed in the Lee County, Florida, Jail. Plaintiff filed six Motions moving for a wide range of relief from TROs, injunctions, subpoenas, and administrative relief from punishments imposed by Lee County Sheriff's Deputies detailed to the Lee County Jail/CORE Center Operations. In his First Motion for a TRO (Doc. 8), Plaintiff complains that he is being punished by having his use of the Kiosk restricted to two days a week.

In his Second Motion (Doc. 17), Plaintiff states that he is required to eat a Management Loaf for his meals as a disciplinary action. Plaintiff complains that he has a fast metabolism and is entitled to a double-portion meal and that he has been unconstitutionally restricted to eating Management Loaf. (Doc. 17 at 2). Plaintiff also moves the Court to issue a subpoena for his balance statement for his prisoner financial records.

Plaintiff filed a Third Motion for a TRO in which he continues to claim that he should not be placed on a restricted diet nor served Management Loaf. (Doc. 19 at 2). He also claims that Deputies arranged for other inmates to throw feces against the wall and then blamed Plaintiff for making the mess. (Doc. 19 at 2). Plaintiff says these actions were taken in retaliation but does not specify what action caused the retaliatory conduct.

In his Fourth Motion (Doc. 21), Plaintiff states that his was placed on a restricted diet from his normal double portion with "deliberate indifference." (Doc. 21 at 1). Plaintiff

insist that due to his high metabolism he is entitled to double portion meals to maintain his weight. Plaintiff claims Deputies lied on his records to show that he has not lost weight, so they can maintain his management diet. (Doc. 21 at 2). Plaintiff also request a subpoena directing the jail to produce his account balance sheet. (Doc. 21 at 2-1)

In his Fifth Motion (Doc. 24), Plaintiff states that he has written grievances and requested investigations only to have the administration sergeant cover up his allegations by filing false investigations. (Doc. 24 at 1). Plaintiff claims he is prevented from appealing his grievances because the administration sergeant states the grievances have already been addressed.

Finally, in his Sixth Motion (Doc. 25), Plaintiff states that he was unprofessionally diagnosed as suicidal, cuffed, and taken to the suicide watch cell where he was stripped and left without any clothes. (Doc. 25). In each of his Motions, Plaintiff complains that he is in fear for his life because he has been cuffed, beaten, peppered sprayed, tasered, improperly placed in restraints, called racial slurs by other inmates, and dragged across the floor. Plaintiff says that in each of the beating incidents Deputies took him to a section of the facility that did not have cameras, so they could beat and use a taser on him while he was handcuffed without being seen. Plaintiff now moves the Court for multiple injunctions to prevent imminent injury stating that he is in fear for his life.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and, (2) the movant "certifies in writing any

efforts made to give notice and the reasons why it should not be required." Additionally, before the Court may grant a temporary restraining order, the movant must post security in an amount . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Further, under M.D. Fla. Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."[2] Additionally, the movant is required to: specifically describe the conduct sought to be enjoined; provide sufficient factual detail so that the Court can determine the appropriate amount of security which must be posted by the movant; accompany the motion with a proposed form order; and, attach a supporting legal memorandum. M. D. Fla. Rule 4.06(b)(3)(4).

## **DISCUSSION**

Upon review of the various motions, the Court finds Plaintiff has not complied with Fed. R. Civ. P. 65(b) or (c) and M.D. Fla. R. 4.06(b)(3)(4). At a minimum, Plaintiff has not certified why he failed to give notice to prison officials or explain with any specificity what conduct he seeks to enjoin or why security should not be posted. Instead, Plaintiff's complaints of punishment, his dietary restrictions, failure to file grievances and improper diagnosis are properly pursed via a civil rights complaint. To the extent that Plaintiff seeks a subpoena or injunctive relief to obtain his inmate account statement, the Court notes

---

[2]Under M.D. Fla. Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any." Local Rule 4.06(b)(1) requires that a party applying for a preliminary injunction must also address these four factors in a brief or legal memorandum.

that Plaintiff filed a financial statement certified by an authorized institutional official on July 19, 2019. *See* (Doc. 13). Consequently, Plaintiff has complied with the Court's Order to provide documentation that he is indigent, and no further documentation is required by the Court. Further, to the extent that Plaintiff alleges that he is being threatened and is in imminent danger, the Court immediately entered an order notifying the appropriate state prison officials of Plaintiff's allegations. *See* (Doc. 9).

To the extent that Plaintiff requests the Court to order an investigation concerning his allegations, the decision to investigate and prosecute crimes does not lie with the Court but is entrusted to the executive branch. U.S. Const., art. II, § 3; *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000). The U.S. Attorney General has "broad discretion" to enforce the country's laws. *Wayte v. United States*, 470 U.S. 598, 607 (1985). Consequently, if Plaintiff believes that state officials have violated a federal criminal statute he may contact the U.S. Attorney or file a civil rights complaint concerning these alleged civil rights violations after he has exhausted his administrative remedies.

Finally, the Court notes that Plaintiff was initially housed in the Lee County Jail's CORE Facility located on Ortiz Avenue but has been transferred to the Lee County Jail main facility located on Martin Luther King Jr. Boulevard. *See* (Doc. 23, Notice of Change of Address dated October 23, 2019). Generally, the transfer or release of a prisoner from prison renders any claims for declaratory and injunctive relief moot, because the Court can no longer give the prisoner meaningful relief. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007). Consequently, an injunctive relief sought by Plaintiff against officials at the CORE facility is mooted by Plaintiff's transfer.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motions (Docs. 8, 17, 19, 21, 24, and 25) are **GRANTED to the limited extent** that the Court notified state officials of Plaintiff's allegations. In all other respects, the Motions are **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of December 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record